**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDRE BOYER, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> CAMDEN SUPERIOR COURT, et al.: <br> : <br> Respondent. : | **Hon. Noel L. Hillman** <br><br> Civil No. 12-1195 (NLH) <br><br><br> **OPINION** |

**APPEARANCES**:

    ANDRE BOYER, #570420A
    New Jersey State Prison
    Trenton, New Jersey 08625
    Petitioner Pro Se

**HILLMAN, District Judge**:

Andre Boyer, an inmate currently confined at New Jersey State Prison, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a sentence imposed on September 20, 1996, by the Superior Court of New Jersey, Camden County, in Indictment No. 1012-05-93.  This Court will summarily dismiss the Petition for lack of jurisdiction under § 2241, and deny a certificate of appealability.  See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

**I.  BACKGROUND**

In April 1996, a jury sitting in the New Jersey Superior Court, Law Division, Camden County, found Andre Boyer guilty of two counts of first degree robbery, three counts of first degree

aggravated sexual assault, two counts of kidnapping, second degree conspiracy, second degree possession of a weapon for an unlawful purpose, third degree unlawful possession of a weapon, fourth degree aggravated assault, third degree terroristic threats, second degree possession of a weapon by a convicted felon, and second degree witness tampering.  See State v. Boyer, 2010 WL 1929861 at *1 (N.J. Super. Ct., App. Div., May 5, 2010).  On September 20, 1996, the Law Division sentenced Andre Boyer as a persistent offender to two concurrent terms aggregating life, with 20 years of parole ineligibility.  Id.  On January 26, 2000, the Appellate Division affirmed the conviction, vacated the sentence, and remanded for re-sentencing.  See Id.; State v. Boyer, No. A-11507-96T4 (App. Div. Jan. 26, 2000).  The Law Division re-sentenced Boyer.  On May 19, 2000, the New Jersey Supreme Court denied certification.  See State v. Boyer, 164 N.J. 561 (2000) (table).

 Boyer thereafter filed a state petition for post-conviction relief, which the Law Division denied.  See State v. Boyer, 2010 WL 1929861 at *2.  On May 5, 2010, the Appellate Division affirmed the order denying post-conviction relief.  Id.  On September 15, 2010, the New Jersey Supreme Court denied certification.  See State v. Boyer, 203 N.J. 439 (2010) (table).

 On February 2, 2012, Boyer signed a form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which appears to

challenge the sentence imposed on September 20, 1996, by the Law Division in Camden County.  (Dkt. 1 at 2.)  He sets forth the following grounds:

> Ground One:  9-20-1996 SENTENCE JUDGE EYNON COURTROOM, IN A COMATOSE STATE.
>
> Supporting Facts:  Force a overdose of medication 9-20-1996, VRU, Trenton, by 2 NJSP guards, one central transport guard, C.M.S. Nurse Dottie Milton, Sgt Dempsey, Chris Jones CO CO Bauer.  Cuff shackled, mouth force open knowing I had my morning meds, without a Dr permission orange juice cup full of thorazine, phenobarbital [illegible] prozac, forced down my throat.
>
> Ground Two:  OUT WHEN REACH VAN NO PROTOCOL FOLLOW TAKEN BY CO BAUER WITH 3 NJSP INMATES.
>
> Supporting Facts:  To Bordentown.  No Sgt Lt Cap chiefs follow protocol.  To take me to a hosp. instead I was taken to Camden Jail where I was place on a cell floor on a mat, my wife mother told to go home sentence concealed.4:30 [illegible] I was carried to Judge Eynon courtroom by Central Transport my head on the table.
>
> Ground Three:  UNABLE TO STAND, SEE, TALK, THEN CARRIED BACK TO TRENTON VRU.
>
> Supporting Facts:  Undress by inmates, place in my cell bed for 2 days never taken to a hosp.  8th Amendment violated, cruel unusual punishment has continued to this day 2-2-12 due process illegal sentence, drugs prescribe without a license, my mental physical place in a life & death [illegible]
>
> Ground Four:  PUT IN PC 3 X NOTHING HAS STOP.  STILL FORCING MEDICATION, DRUGS ON ME.
>
> Supporting Facts:  I'm off special needs medication etc for years, always drug medicated without legal authority did not maintain my super pubic tube, due to costs, open wound infections, one kidney [illegible] mental health history, military hospital Ft Bragg Coatesville, Phily VA Cherry Hill outpatient in patient.

(Dkt. 1 at 4-5.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas

4

petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Habeas Jurisdiction

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).

Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

In Coady v. Vaughn, 251 F. 3d 480 (3d Cir. 2001), Coady, a Pennsylvania prisoner, filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole.  The District Court adopted the recommendation of the Magistrate Judge which construed the matter as a § 2241 petition and dismissed it for failure to state a claim.  The Third Circuit determined that the District Court had no jurisdiction under § 2241, and the exclusive remedy for a state prisoner who challenged his

detention is a habeas corpus petition pursuant to 28 U.S.C. § 2254.  The Third Circuit explained:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . .  The rationale for this canon is that a general provision should not be applied when doing so would undermine limitations created by a more specific provision.  In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody.  However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b).  Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and wold thereby thwart Congressional intent.  Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging [denial of parole].

Coady, 251 F.3d at 484-85 (citations, internal quotation marks and footnote omitted); accord Washington v. Sobina, 509 F.3d 613, 619 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241) (citing Coady, 251 F.3d at 485).

Under the holding of Coady v. Vaughn, this Court lacks jurisdiction over Boyer's challenge to his New Jersey sentence and incarceration under § 2241.  See Coady, 251 F.3d at 484-85; see also Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006) (holding that habeas corpus petition seeking relief from state

court judgment must be brought under § 2254, not § 2241); Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"); Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner . . , not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence - in this case with respect to revocation of Cook's parole - under section 2254.  A petition under section 2241 is therefore unavailable to him"); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (same).  This Court will dismiss the Petition for lack of jurisdiction under § 2241.[1]

C.  Civil Rights Jurisdiction

---

[1] This Court will not recharacterize the Petition as a § 2254 petition.  See Castro v. United States, 540 U.S. 375, 383 (2003); In re Wagner, 421 F.3d 275 (3d Cir. 2005); Mason v. Myers, 208 F.3d 414 (3d Cir. 2000).  If Boyer elects to file a § 2254 petition, he must use the § 2254 form, see Local Civ. R. 81.2(a), and file it in a new docket number.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action." See Muhammad v. Close, 540 U.S. 749, 750 (2004). The Third Circuit explained the distinction between civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also McGee v. Martinez, 627 F. 3d 933, 936 (3d Cir. 2010) ("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition").

In this Petition, in addition to challenging the sentence, certain of Boyer's grounds implicate his Eighth Amendment rights. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily

implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Boyer's Eighth Amendment claims do not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction over the civil rights claims raised in the § 2241 Petition.  See Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) (District Court lacked habeas jurisdiction to entertain claim that prison officials referred him to the Special Management Unit as punishment for filing lawsuits against Bureau of Prisons); Bonadonna v. United States, 446 Fed. App'x 407 (3d Cir. 2011) (District Court properly dismissed § 2241 petition seeking restoration of soft shoes pass because petitioner did not challenge duration or fact of his confinement); McCall v. Ebbert, 2010 WL 2500376 (3d Cir. Jun. 21, 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district

court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint). To the extent that Boyer seeks to raise Eighth Amendment or other conditions of confinement claims under § 2241, this Court will dismiss those claims for lack of jurisdiction.[2]  Id.

D.  Certificate of Appealability

To the extent the Petition seeks relief pursuant to 28 U.S.C. § 2254, this Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because Boyer has not made a substantial showing of the denial of a constitutional right.

---

[2] The dismissal is without prejudice to any right Boyer may have to assert his civil rights claims in a properly filed complaint, pursuant to 42 U.S.C. § 1983. The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996). In contrast, the filing fee for a § 1983 complaint is $350.00, and inmates filing a § 1983 complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. See 29 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint. If Petitioner chooses to bring a civil complaint, he may do so by filing a separate § 1983 complaint which will be assigned a new docket number.

## **III. CONCLUSION**

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction under 28 U.S.C. § 2241, and denies a certificate of appealability.

                                               s/ Noel L. Hillman
                                               **NOEL L. HILLMAN, U.S.D.J.**

Dated:   September 22  , 2012

At Camden, New Jersey